UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NY

---

A.A-B. individually and on behalf of N.B., a minor

COMPLAINT

Plaintiffs,

No. 24 Civ. 08996

-against-

NEW YORK CITY DEPARTMENT OF
EDUCATION,

Defendant.

---

**Christan Kinsella**, under penalty of perjury, declares pursuant to 20 U.S.C. Sec 1746 that the following statements are true and correct:

1. I am an Attorney Team Leader in the Special Education Unit within the New York City Department of Education ("DOE") Office of the General Counsel, and have worked in this capacity since 2022. Prior to my current position, I was an Agency Attorney and an Attorney Interne since 2018. My responsibilities include but are not limited to supervising representation of the DOE in administrative litigation (including pendency issues) and liaising between the New York City Law Department and the DOE to support on federal and state litigation concerning the DOE. I submit this Declaration in opposition to Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction.

2. Upon information and belief, the Parent first filed a due process complaint ("DPC") concerning the 2024-2025 school year on June 18, 2024, which was designated case number 275268. In DPC 275268, Parent requested funding for Intermountain School, a residential treatment center in Montana. The Impartial Hearing Officer ("IHO") issued a Findings of Fact and Decision ("FOFD") dated August 29, 2024, ordering funding for Intermountain School.

3. Upon information and belief, the Parent filed another DPC concerning the 2024-2025 school year on November 7, 2024, which was designated case number 287949. In DPC 287949 Parent indicates that " █████ will be without a placement as of November 14, 2024" and was seeking funding for Shrub Oak, a residential program in Mohegan Lake, NY. In DPC 287949 Parent indicates that Shrub Oak "are currently holding [the Student's] potential placement while these proceedings are underway."

4. While DPC 287949 notes that "On October 18, 2024, the Parent informed the CSE of ███ pending discharge from Intermountain on November 14, 2024," upon information and belief, based upon a review of records maintained by the DOE, the DOE did not receive notice of this pending discharge until this federal filing.

5. According to state regulations and case law, it is a parent's obligation to notify the DOE when the Student will be attending a unilateral placement (commonly referred to as the submission of a ten day notice letter). Upon information and belief, based upon a review of records maintained by the DOE, the Parent did not submit a ten day notice letter informing the DOE of the Student's move to Shrub Oak.

6. There are 11 CSEs at the DOE that coordinate the special education process for Students attending a private, parochial, charter, State Supported, or State Approved Non-Public School in New York City, for Students who live in New York City and attend non-public schools outside of New York City, for Student who receive long term home or hospital instruction, for Students who are being home-schooled, and for Students who are not attending school. For school-age students (5-21) attending School in New York City (or temporarily receiving home instruction) a Student/family is assigned to one of the 11 CSEs where the Student's New York City School is located. All other Students/families are assigned to one of the 11 CSEs based on the Student's residence.

7. Upon information and belief, the Student previously attended a day program at the Titus School (a private school) within the CSE 9 catchment region. Student began at Intermountain Residential Treatment Center, outside of New York City, in Summer 2024. Since the Student was attending school outside of New York City, the Student was then assigned to CSE 10, which is the CSE for the Student's home district. As the Student is now purportedly not attending school and/or imminently enrolling in another school outside of New York City, CSE 10 remains responsible for coordinating the special education process for the Student/family.

8. Upon information and belief, based upon a review of records maintained by the DOE, DOE staff from CSE 10 reached out to the Parent on or around September 17, 2024, October 15, 2024, and November 26, 2024 seeking an update on the Student's records, including up to date Home Address, Telephone, School Name, and School Address.

9. CSE 10 became aware of the Student's current situation through DPC 287949 and this federal filing. As a result, CSE 10 has begun the process of reevaluating the Student and scheduling an IEP meeting to develop a program and offer placement to address the Student's special education needs. A notice (via e-mail) went out to Parent on December 5, 2024 scheduling both a Social History Update (with the Parent) and a Psychoeducational Evaluation (with the Student) for December 17, 2024. In response, the Parent requested testing at Shrub Oak and indicated that the Student is *currently* in the residential program at Shrub Oak.

10. The Office of Student Enrollment at the DOE has confirmed that there is a seat available for the Student, as an interim placement until a new IEP is developed, based on the Student's previous IEP, at 03M165 Public School 165, in District 3, Manhattan—the Robert E. Simon School—at 234 W 109 St, New York, NY 10025. Upon reconvene of an IEP meeting, the IEP

team will be able to consider the Student's needs and recommend a residential educational placement if appropriate. CSE 10 offered this placement to the parent via e-mail on December 6, 2024. The Prior Written Notice and Placement Package is attached to this declaration. In addition, Parent may request home instruction at any time (see, e.g., Enrollment Support FAQs, Requesting Home Instruction, available at, https://enrollmentsupport.schools.nyc/app/answers/detail/a_id/3751/~/requesting-home-instruction (last accessed December 6, 2024).

11. Upon information and belief, counsel representing the Parent at the underlying administrative hearing has not communicated with the DOE attorney assigned to litigate DPC 287949. Upon information and belief, Parent's counsel for DPC 287949 has not reached out to the IHO in DPC 287949 to schedule a pendency hearing or to make a pendency determination. Upon information and belief, Parent's counsel for DPC 287949 has not reached out to the IHO in DPC 287949 to request an emergency hearing for any issue, including funding Shrub Oak either via pendency or via Final Order. DPC 287949 itself does not request an expedited hearing.

12. New York Regulation provides a 30 day resolution period upon filing of a DPC (8 NYCRR 200.5). The resolution period for DPC 287949, which was filed November 7, 2024, will end December 7, 2024. If the Parties (parent or School District) do not request an extension of the compliance date, the IHO will be expected to issue a Finding of Fact and Decision for DPC 287949 no later than 45 days from the day after the end of the resolution period (8 NYCRR 200.5)

13. A Pre-Hearing Conference for DPC 287949 is scheduled for December 18, 2024 at 2:30 PM.

Dated: New York, New York

    December 6, 2024

Christian Kinsella, Esq.