UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
                                        )
A.A-B., individually and on behalf of   )
N.B., a minor,                          )
                                        )
                    Plaintiff,          )
                                        )
        -against-                       )  No. 24 Civ. 8996
                                        )
NEW YORK CITY DEPARTMENT OF             )
EDUCATION,                              )
                                        )
                    Defendant.          )
                                        )
                                        )
----------------------------------------x


**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HER MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**


Law Office of Michelle Siegel
*Attorney for Plaintiff A.A-B*

By:
Lesley Berson Mbaye, Esq.
*Of Counsel*
Law Office of Michelle Siegel
604 Hoagerburgh Rd.
Wallkill, NY 12589
Telephone: (347) 480-9246
lesleyberson@msiegelaw.com

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT**------------------------------------------------------------------ **2 -**

**ARGUMENT** ----------------------------------------------------------------------------- **2 -**

**POINT I**------------------------------------------------------------------------------------- **2 -**

PLAINTIFF PROVIDED PROPER NOTICE OF N.B.'S DISCHARGE FROM
INTERMOUNTAIN AND HIS NEED FOR A PENDENCY PLACEMENT ------------------ **2 -**

**POINT II**------------------------------------------------------------------------------------ **4 -**

THE CASES CITED BY DEFENDANT ARE INAPPOSITE----------------------------------- 4 -

**POINT III** --------------------------------------------------------------------------------- **5 -**

MEDIA COVERAGE OF SHRUB OAK INTERNATIONAL SCHOOL ALONE DOES NOT
RENDER THE SCHOOL INAPPROPROPRIATE ----------------------------------------------- 5 -

**POINT IV**----------------------------------------------------------------------------------- **7 -**

DEFENDANT'S OFFER OF AN INTERIM PLACEMENT IS INAPPROPRIATE----------- 7 -

**CONCLUSION** ---------------------------------------------------------------------------- **8 -**

## PRELIMINARY STATEMENT

Defendant's opposition to Plaintiff's motion for injunctive relief tries to argue that, as a matter of fact and law, its 11th-hour offer of a patently inappropriate, temporary school placement obviates its duty to provide an appropriate pendency placement for N.B. Defendant's facts and legal arguments miss the mark, as will be set forth below. What remains is that N.B. is entitled to an appropriate pendency placement – which, based on the Findings of Fact and Decision dated August 29, 2024, is a residential placement – and Plaintiff is the only one who has found such a setting for N.B. As set forth in Plaintiff's moving papers, N.B. is entitled to funding for his enrollment at the Shrub Oak International School pursuant to the stay-put provision of the Individuals with Disabilities Education Act (20 U.S.C. § 1415(j)) during the pendency of his underlying impartial hearing.

## ARGUMENT

### POINT I

### PLAINTIFF PROVIDED PROPER NOTICE OF N.B.'S DISCHARGE FROM INTERMOUNTAIN AND HIS NEED FOR A PENDENCY PLACEMENT

On multiple occasions in its Opposition papers, Defendant seems to place responsibility for its own failure to offer N.B. a a pendency placement on Plaintiff or on the DOE's own unwieldy bureaucracy. Neither argument discharges Defendant of its duty to provide N.B. with an appropriate pendency placement, which it failed to do.

First, Defendant asserts that it did not receive Plaintiff's October 18, 2024, notice of N.B.'s impending discharge from Intermountain and that, therefore, Plaintiff failed to provide the required 10-day notice of unilateral placement. *See* Declaration of Christian Kinsella, dated December 6, 2024, at dkt. 22 ("Kinsella Decl.") ¶¶ 4, 5. The Declarant then postulates that any

"delay" in the DOE's non-receipt of Plaintiff's notice was because of the unwieldiness of the DOE's bureaucracy, which had transferred N.B.'s case from his "home" CSE9 to the DOE's CSE 10 upon his enrollment at Intermountain Residential Treatment Center in the summer of 2024. *Id.* ¶¶ 6-7. Defendant then declares that it first learned of N.B.'s discharge from Intermountain when Plaintiff filed Due Process Complaint no. 287949 on November 7, 2024. *Id.* ¶ 9.

Defendant's claim that Plaintiff did not provide proper notice is incorrect. As set forth in Plaintiff's initial declaration and alleged in the Complaint, Plaintiff, through her counsel, sent a letter to an email address of CSE10 on October 18, 2024, describing N.B.'s impending discharge from Intermountain and requesting an IEP meeting. *See* Second Declaration of Lesley Berson Mbaye, dated December 10, 2024 ("2d Mbaye Decl.") at Exh. 3. CSE 10 was the CSE to which N.B.'s case was assigned. *See* Kinsella Decl. ¶ 7 ("CSE 10 remains responsible for coordinating the special education process for the Student/family"). That email was returned to counsel as "undeliverable." 2d Mbaye Decl. at Exh. 3. That same day, counsel emailed that same letter to Ms. Fabiana Czemerinski, the Chairperson of CSE 10. *Id.* at Exh. 4. Plaintiff, therefore, sent timely notice of N.B's discharge to the person in charge of the correct CSE.

Instead, it was the Defendant who failed to communicate and dropped the ball. Neither Ms. Czemerinski nor anyone from her office responded to Plaintiff's October 18, 2024, notice. Defendant again had an opportunity to respond to the urgent situation upon receiving Plaintiff's due process complaint on November 7, and again failed to do so. Indeed, Defendant's flurry of activity to address N.B.'s precarious situation commenced only after this federal case was filed. *See* Kinsella Decl. ¶ 9. It is bad enough that Defendant ignored Plaintiff's request for an IEP meeting and pendency placement; it is worse still for the Defendant to attempt to lay blame for

that at Plaintiff's feet.

## POINT II

### THE CASES CITED BY DEFENDANT
### ARE INAPPOSITE

Defendant's Memorandum of Law asserts that "[c]ourts in this Circuit have consistently applied *Ventura De Paulino* in denying applications for emergency funding similar to Plaintiff's complaint, here" but cites only two cases from this Circuit. The first case, *L.B. v. NY City Dept. of Educ.,* denied injunctive relief to a student for whom the Defendant had failed to find a school and was then placed, by his parents, in a private school. *L.B. v. NY City Dept. of Educ*, No. 21 CV 9356 (MKV), 2022 U.S. Dist. LEXIS 13370, *3 (S.D.N.Y. Jan. 25, 2022).[1] Here, by contrast, N.B. was already attending a residential program found to be appropriate by an administrative Findings of Fact and Decision when he was discharged and, due to the Defendant's failure to identify a new school, enrolled in another program.

Defendant's reliance on *Grullon v. Banks* is also misplaced. Although that case did involve pendency, the *Grullon* plaintiffs were not seeking injunctive relief of funding for a pendency placement as in the instant case. Instead, they sought declaratory relief that the school attended by the seven plaintiff-children was each of their pendency placement. *Grullon v. Banks,* No. 23-CV-5797 (JGLC), 2023 U.S. Dist. LEXIS 188079, at *1 (S.D.N.Y. Oct. 19, 2023). Its facts, reasonings, and holdings have no bearing on the instant action. Neither *L.B.* nor *Grullon* involve the factual scenario present here and contemplated, but not resolved, by *Ventura de Paulino* – namely, the "extraordinary circumstance" in which the school providing the child's pendency services is no longer available and the school district either refuses or fails to provide pendency services to the child. *Ventura de Paulino v, NY City Dept. of Educ.*, 959 F3d 519, 534,

---

[1] Defendant cites this case as "*S.B. v. New York City Department of Education.*"

n 65 (2d Cir. 2020).

Defendant then cites one case from outside the Second Circuit: *Davis v. District of Columbia* from the Washington, D.C. Circuit, in which a student who was discharged from his residential placement sought, and was denied, a preliminary injunction entitling him to a pendency placement at another residential facility. Dkt. 21 at 15-16 (discussing *Davis v. District of Columbia,* 80 F.4th 321 (D.C. Cir. 2023). The D.C. Circuit applies a different standard as to when the pendency protection of 20 U.S.C. § 1415(j) apply, under which parents may invoke § 1415(j) only if, during the pendency of an administrative proceeding, "the local educational agency is attempting to alter the student's then-current educational placement. *Davis*, 80 F.4th at 324. In *Davis,* the court acknowledged that the student's IEP entitled him to a residential placement but held that the stay-put provision did not apply and denied the injunction because "*the District* did not effectuate a "fundamental change" in Braeden's educational placement by attempting to "alter" or "undo" the services to which he is entitled under his IEP. " *Davis,* 80 F.4th at 326 (emphasis in original). In the Second Circuit, school districts cannot evade their responsibilities under the IDEA simply because a school, and not "the District" determines it can no longer serve a particular student.

Thus, none of the cases cited by Defendant defeat Plaintiff's argument that she is entitled to the injunctive relief she seeks.

## POINT III

### MEDIA COVERAGE OF SHRUB OAK INTERNATIONAL SCHOOL ALONE DOES NOT RENDER THE SCHOOL INAPPROPRIATE

Defendant also argues that negative press coverage about the proposed school shows that Plaintiff is unlikely to prove appropriateness in the underlying funding claim; Defendant

seemingly envisions a heightened role for DOE scrutiny of the proposed school because of said press.

First and foremost, Plaintiff was aware of these articles in advance of her visit to campus to evaluate the program's ability to help her child.  Because she has no other residential placement options for N.B., she had no choice but to both consider the school in question and take extra care in doing so.  To be sure, Plaintiff prioritizes N.B.'s safety above all else; the problem is, N.B. is unsafe without ongoing residential care.  N.B. was and would be unsafe at home, but Plaintiff concluded the proposed placement is the safer setting.

Second, the Defendant cannot seriously be suggesting that negative media coverage be the litmus test for school safety or appropriateness.  If it were, Defendant would have to extend a similar presumption against the safety and appropriateness of its own schools based on reported abuse or neglect among staff against students.[2]  Certainly, any purported interim non-residential placement by DOE must also survive this heightened scrutiny.

Third, Plaintiff welcomes the opportunity to transmit biweekly reports, for example, regarding N.B.'s health and safety at Shrub Oak to the Court as a condition for any funding order. There is no obvious reason why N.B.'s well-being within the program must entirely consume or entirely evade the Court's attention.  Again, Plaintiff has every expectation N.B. will at all times receive quality care.

---

[2] Closson, T. "As Misconduct Complaints Rise in N.Y.C. Schools, Investigations Decline." *New York Times*. June 18, 2024. Accessed on December 10, 2024, at: https://www.nytimes.com/2024/06/18/nyregion/sexual-misconduct-complaints-nyc-schools-investigations.html?smid=url-share; Geanous, J. "NYC DOE hit with record number of complaints about misbehaving teachers in 2022." *New York Post*. April 15, 2023 (updated May 17, 2023). Accessed on December 10, 2024, at: https://nypost.com/2023/04/15/nyc-doe-hit-with-record-number-of-complaints-about-misbehaving-teachers/; Celona, L. and Young, A. "NYC teacher accused of putting 15-year-old student in a headlock at Brooklyn high school, sending him to hospital." *New York Post*. October 29, 2024 (updated October 31, 2024), accessed on December 10, 2024, at: https://nypost.com/2024/10/29/us-news/nyc-teacher-accused-of-putting-15-year-old-in-a-headlock/

**POINT IV**

**DEFENDANT'S OFFER OF AN INTERIM PLACEMENT IS INAPPROPRIATE**

Finally, Defendant asks this Court to consider its offer of a seat for N.B. in a day school based on the last IEP it developed for him – in 2022 – to be an adequate "stay-put" placement. This is ludicrous.

Defendant has offered N.B. an interim placement at 03M165 Public School 165, a general education day school. Decl. ¶ 10[3]; https://www.schools.nyc.gov/schools/M165 (last visited December 10, 2024). Defendant touts that this placement is based on N.B.'s last IEP but elides the fact that this "last IEP" is two and a half years old. *See* dkt. no. 5 at 3-4. Meanwhile, just four months ago, an Impartial Hearing Officer held that N.B. required placement in a therapeutic, residential program. *See* dkt. no. 7 at Exh. 1. There is no doubt that a therapeutic, residential placement is both appropriate and necessary for N.B. at this time. Defendant's "interim placement" would almost certainly create a serious risk of harm to N.B. and cannot be taken seriously as an alternative.

---

[3] Defendant purports to attach additional information about the program (Kinsella Decl. ¶10), but nothing additional was docketed.

## <u>CONCLUSION</u>

For the reasons stated above and in Plaintiff's moving papers, Plaintiff's' motion for a temporary restraining order and a preliminary injunction requiring Defendant to fund N.B.'s placement at Shrub Oak during the pendency of his underlying due process proceeding should be granted.

Dated:   New York, New York
            December 10, 2024

                          Respectfully submitted,

                          Law Office of Michelle Siegel, PLLC
                          *Attorney for Plaintiffs*

                          By: <u>/s/ Lesley Berson Mbaye</u>
                               Lesley Berson Mbaye, Esq.
                               Of Counsel
                               604 Hoagerburgh Rd.
                               Wallkill, NY 12589
                               T: (347) 480-9246
                               E: lesleyberson@msiegelaw.com